Filed 6/22/23  P. v. Vue CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092122 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F02572) |
| v. | |
| CHU VUE, | |
| Defendant and Appellant. | |

In 2016, in an unpublished opinion, this court upheld defendant Chu Vue's conviction for first degree murder (Pen. Code, § 187, subd. (a))[1] with a lying in wait special circumstance (§ 190.2, subd. (a)(15)).  (*People v. Chu* (Jan. 18, 2016, C066885) [nonpub. opn.] (*Chu*).)  On January 17, 2019, defendant filed a petition for resentencing

---

[1] Further undesignated statutory references are to the Penal Code.

1

under former section 1170.95 (now section 1172.6).[2] The trial court denied the petition because defendant was ineligible for relief in light of the jury's verdicts and special circumstance findings, which showed the jury had determined defendant acted with the intent to kill.

Defendant timely appealed, and we granted his counsel's request to incorporate by reference the record in defendant's original appeal concerning his murder conviction, *Chu*, *supra*, C066885. Defendant's counsel filed a no issues brief under *People v. Wende* (1979) 25 Cal.3d 436 requesting this court to conduct an independent review of the entire record for arguable issues on appeal. Thereafter, on February 26, 2021, this court, on its own motion, dismissed defendant's appeal as abandoned.

Defendant petitioned our Supreme Court for review; the Supreme Court has now directed us to vacate the prior decision and reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216. On April 18, 2023, this court sent a letter notifying defendant: (1) his counsel filed an appellate brief stating his review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider.

On May 12, 2023, defendant filed a supplemental brief seeking removal of his counsel and arguing he was eligible for resentencing relief because the jury at his trial had been presented with two theories, thus rendering the basis for his murder conviction

---

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6 throughout this opinion.

uncertain.  Having considered his arguments, we affirm the trial court's postjudgment order denying defendant's petition for resentencing.

## I.  DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  The legislation accomplished this by amending sections 188 and 189 and adding former section 1170.95 (now § 1172.6) to the Penal Code.

Section 188, which defines malice, now provides in part:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions but left intact implied malice murder for direct aiders and abettors.  (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839, 846-848, 850.)

Section 1172.6  allows "those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief."  (*People v. Gentile, supra,* 10 Cal.5th 830, 843.)  Section 1172.6, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief.  (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962.)  First, the trial court determines whether the petition is facially sufficient under section 1172.6, subdivision (b).  (*Lewis, supra*, at p. 960.)  If the petition is facially sufficient, then, the trial court moves on to section 1172.6, subdivision (c), appointing counsel (if requested) and following the briefing schedule set out in the statute.  (*Lewis, supra*, at p. 966.)  Following the completion of this briefing, the trial court then

determines whether the petitioner has made a prima facie showing they are entitled to relief. (*Ibid.*)

As our Supreme Court explained, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 117[2.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' ' " (*People v. Lewis, supra*, 11 Cal.5th at p. 971.)

We understand defendant's supplemental brief to argue he is eligible for resentencing because the district attorney presented two theories of murder to the jury, and it is impossible to determine on which basis they chose to convict him of murder. According to defendant, the district attorney first theorized that defendant hired his brothers to kill his wife's lover. Defendant argues the district attorney's second theory was that his brothers killed defendant's wife's lover merely because they were defendant's brothers and not for payment. But, as we shall explain, the trial court correctly determined defendant was ineligible for relief as a matter of law because the jury instructions and attendant verdicts mean defendant could still be convicted of murder under the amended law.

Here, the trial court did not instruct defendant's jury on either a felony murder theory or the natural and probable consequences doctrine. Rather, the trial court instructed the jury on a direct accomplice theory, a conspiracy theory, murder with

4

malice aforethought, and lying in wait murder. The trial court also instructed the jury on the special circumstance of lying in wait murder, which required the jury to determine in pertinent part that defendant "intended to kill the person by taking the person by surprise." Finally, the court instructed that if the jury determined defendant was not the actual killer, they could not find the lying in wait special circumstance true unless they determined "defendant acted with the intent to kill." Thus, when the jury found defendant guilty of first degree murder and found true the lying in wait special circumstance, the jury necessarily determined defendant acted with the intent to kill. Accordingly, defendant is ineligible for relief as a matter of law. (See, e.g., *People v. Strong* (2022) 13 Cal.5th 698, 710 ["Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of . . . Section 190.2' "].)

Having determined defendant is ineligible for relief as a matter of law, we deny his request to replace his appointed appellate counsel.

## II.  DISPOSITION

The trial court's postjudgment order denying defendant's section 1172.6 petition is affirmed.

/S/

_____

RENNER, Acting P. J.

We concur:

/S/

_____

BOULWARE EURIE, J.

/S/

_____

HORST, J.*

_____

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.